IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAVENDER TALE INTERNATIONAL LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>EL TORO CARMESI, LLC d/b/a FIT 4 U, ABC CORPS. 1-10; and JOHN DOES 1-10,<br><br>Defendants. | Case No.: 1:16-cv-01012<br><br>Civil Action<br><br>VERIFIED COMPLAINT |

Plaintiff Lavender Tale International Limited ("Plaintiff Lavender Tale"), by and through its counsel, Curcio Mirzaian Sirot, by way of Verified Complaint against the above named defendants, respectfully alleges as follows:

**NATURE OF THE ACTION**

1. This action arises out of multiple breaches of contract relating to the sale of merchandise. Plaintiff Lavender Tale is in the business of manufacturing and shipping swimsuits. Defendant El Toro Carmesi, LLC d/b/a Fit 4 U ("Defendant Fit 4 U") is a swimsuit wholesaler in the business of selling swimsuits to retailers. Defendant Fit 4 U refuses to pay Plaintiff Lavender Tale for swimsuits Defendant Fit 4 U accepted delivery of and has sold to its customers. The total amount owed pursuant to the purchase orders relating to these swimsuits is $201,456.88. Despite demands from Plaintiff Lavender Tale, Defendant Fit 4 U refuses to make payments for goods it has already accepted delivery of and sold to retailers.

**THE PARTIES**

2.     Plaintiff Lavender Tale International Limited ("Plaintiff Lavender Tale") is a foreign entity duly registered to do business in the State of New York. Plaintiff Lavender Tale is in the business of manufacturing and importing women's swimsuits. Plaintiff Lavender Tale's principal place of business is Suite 2912 Tower Two, Time Square, 1 Matheson Street, Causeway Bay, Hong Kong. Vico Yam ("Mr. Yam") is the principal of Plaintiff Lavender Tale.

3.     Upon information and belief, Defendant El Toro Carmesi, LLC d/b/a Fit 4 U ("Defendant Fit 4 U") is a Texas Limited Liability Company ("LLC") with a principal place of business located at 1410 Broadway, Suite 2903, New York, New York 10018. Upon information and belief, Fit 4 U is domiciled in the State of New York because at least one of its members resides in the State of New York.

4.     At all times relevant hereto, defendants John Does 1-10 and ABC Corps. 1-10 are and were fictitiously named defendants representing individuals and/or entities whose identities are presently unknown, but who are or may be liable to Plaintiff Lavender Tale for damages suffered. Defendants ABC Corps. 1-10 and John Does 1-10 are sometimes collectively referred to herein this Complaint as "the Fictitious Defendants."

5.     Plaintiff Lavender Tale reserves the right to amend the Complaint in the event the Fictitious Defendants are identified and their culpability is revealed. Plaintiff Lavender Tale will amend the pleadings to include the identity and/or identities and capacities of the Fictitious Defendants when they have been ascertained.

## JURISDICTION

6. This Court possesses original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000.00 exclusive of interests and costs.

7. Further, this Court possesses personal jurisdiction over Defendant Fit 4 U because Defendant Fit 4 U is domiciled in the State of New York and Defendant Fit 4 U continuously and systematically does business in New York.

## FACTS COMMON TO ALL COUNTS

8. Plaintiff Lavender Tale is in the business of manufacturing and shipping swimsuits.

9. Defendant Fit 4 U is a swimsuit wholesaler in the business of selling swimsuits to retailers.

10. In or around 2012, Plaintiff Lavender Tale started manufacturing and shipping swimsuits for Defendant Fit 4 U.

11. Defendant Fit 4 U requested Plaintiff Lavender Tale manufacture and ship merchandise to Defendant Fit 4 U, or its end customer, by sending Plaintiff Lavender Tale a vendor purchase order ("VPO").

12. Each VPO contained terms proposed by Defendant Fit 4 U relating to quantity, payment, and delivery, among other things.

13. After receiving a VPO, if Plaintiff wished to manufacture and ship the order for Defendant Fit 4 U, Plaintiff Lavender Tale would negotiate payment terms and specify the delivery date.

14. Defendant Fit 4 U refuses to pay a total of $201,456.88 for goods it accepted delivery of and has already sold to its customers.

15. Below please find a chart identifying the orders for which Defendant Fit 4 U has accepted delivery of the goods, but for which Defendant Fit 4 U refuses to pay Plaintiff Lavender Tale.

| PURCHASE ORDER # | AMOUNT AGREED | DELIVERY ACCEPTED | PAYMENT DUE |
|---|---|---|---|
| VPO-1000497 | $152,478.00 | June 12, 2015 | September 10, 2015 |
| VPO-1000492 | $11,960.00 | July 10, 2015 | September 8, 2015 |
| VPO-1000485 | $7,632.08 | July 10, 2015 | September 10, 2015 |
| VPO-1000524 | $4,367.10 | June 25, 2015 | August 24, 2015 |
| VPO-1000525 | $1,870.85 | June 22, 2015 | August 21, 2015 |
| VPO-1000478 | $1,086.00 | June 24, 2015 | September 22, 2015 |
| RAW MATERIAL ORDERS S48-S53 | $16,125.70 | Various dates prior to September 2015 | Various dates prior to September 2015 |
| PO-82 | $4,435.15 | August 2015 | August 2015 |
| RAW MATERIALS SHIPPED 8/21/15 | $946.85 | August 22, 2015 | August 22, 2015 |
| RAW MATERIALS SHIPPED 8/26/15 | $435.00 | August 27, 2015 | August 27, 2015 |
| RAW MATERIALS SHIPPED 9/14/15 | $120.15 | September 15, 2015 | September 15, 2015 |
| **TOTAL** | **$201,456.88** | | |

4

16. Annexed hereto as <u>EXHIBIT A</u>, please find true and accurate copies of: (1) VPO-1000497, (2) the invoice Plaintiff Lavender Tale issued to Defendant Fit 4 U relating to VPO-1000497, and (3) confirmation that Defendant Fit 4 U accepted the goods ordered in VPO-1000497.

17. Annexed hereto as <u>EXHIBIT B</u>, please find true and accurate copies of: (1) VPO-1000492, (2) the invoice Plaintiff Lavender Tale issued to Defendant Fit 4 U relating to VPO-1000492, and (3) confirmation that Defendant Fit 4 U accepted the goods ordered in VPO-1000492.

18. Annexed hereto as <u>EXHIBIT C</u>, please find true and accurate copies of: (1) VPO-1000485, (2) the invoice Plaintiff Lavender Tale issued to Defendant Fit 4 U relating to VPO-1000485, and (3) confirmation that Defendant Fit 4 U accepted the goods ordered in VPO-1000485.

19. Annexed hereto as <u>EXHIBIT D</u>, please find true and accurate copies of: (1) VPO-1000524, (2) the invoice Plaintiff Lavender Tale issued to Defendant Fit 4 U relating to VPO-1000524, and (3) confirmation that Defendant Fit 4 U accepted the goods ordered in VPO-1000524.

20. Annexed hereto as <u>EXHIBIT E</u>, please find true and accurate copies of: (1) VPO-1000525, (2) the invoice Plaintiff Lavender Tale issued to Defendant Fit 4 U relating to VPO-1000525, and (3) confirmation that Defendant Fit 4 U accepted the goods ordered in VPO-1000525.

21. Annexed hereto as <u>EXHIBIT F</u>, please find true and accurate copies of (1) VPO-1000478 and (2) the invoice Plaintiff Lavender Tale issued to Defendant Fit 4 U relating to VPO-1000478.

22. Annexed hereto as <u>EXHIBIT G</u>, please find a true and accurate copy of the invoice Plaintiff Lavender Tale issued to Defendant Fit 4 U relating to POs 48 through 53.

23. Annexed hereto as <u>EXHIBIT H</u>, please find a true and accurate copy of the invoice Plaintiff Lavender Tale issued to Defendant Fit 4 U relating to PO 82.

24. Annexed hereto as <u>EXHIBIT I</u>, please find a true and accurate copy of the invoice Plaintiff Lavender Tale issued to Defendant Fit 4 U relating to Sample Raw Materials shipped August 21, 2015.

25. Annexed hereto as <u>EXHIBIT J</u>, please find a true and accurate copy of the invoice Plaintiff Lavender Tale issued to Defendant Fit 4 U relating to Sample Raw Materials shipped August 26, 2015.

26. Annexed hereto as <u>EXHIBIT K</u>, please find a true and accurate copy of the invoice Plaintiff Lavender Tale issued to Defendant Fit 4 U relating to Sample Raw Materials shipped September 14, 2015.

27. Defendant Fit 4 U accepted delivery of all goods described in the above referenced orders.

28. The goods Plaintiff Lavender Tale sold and delivered were of a reasonable value of $201,456.88 and Defendant Fit 4 U agreed to pay $201,456.88 to Plaintiff Lavender Tale in total in exchange for these goods.

29. Nonetheless, Defendant Fit 4 U refuses to pay a total of $201,456.88 for goods it accepted delivery of and has already sold to its customers.

**FIRST COUNT**
**(Breach of Contract for Sale of Goods)**

30. Plaintiff Lavender Tale repeats and realleges each and every allegation set forth in the previous paragraphs of its Complaint as if set forth at length herein.

31. Between March 2015 and September 2015, Defendant Fit 4 U requested Plaintiff Lavender Tale manufacture certain merchandise and ship it to various locations.

32. After negotiation of terms, Plaintiff Lavender Tale agreed to produce and ship numerous orders for Defendant Fit 4 U.

33. Plaintiff Lavender Tale timely delivered the requested goods.

34. Defendant Fit 4 U, and its end customers, accepted the goods shipped by Plaintiff Lavender Tale.

35. Pursuant to the contracts between Plaintiff Lavender Tale and Defendant Fit 4 U, payment is past due for all goods accepted by Defendant Fit 4 U.

36. Therefore, Defendant Fit 4 U breached the contracts between Plaintiff Lavender Tale and Defendant Fit 4 U.

**WHEREFORE**, Plaintiff Lavender Tale demands judgment be entered against Defendants, jointly and severally, as follows:

A. For judgment in an amount to be determined at trial, including an award of compensatory, consequential damages, and incidental damages as appropriate;

B. For attorney's fees and costs of suit;

C. For pre-judgment interest;

D. For such other relief as the Court may deem just and proper.

### SECOND COUNT
**(Breach of the Implied Covenant of Good Faith and Fair Dealing)**

37. Plaintiff Lavender Tale repeats and realleges each and every allegation set forth in the previous paragraphs of its Complaint as if set forth at length herein.

38. Plaintiff Lavender Tale and Defendant Fit 4 U entered into several contracts relating to the $201,456.88 of goods at issue in this case.

7

39. Every contract contains an implied covenant of good faith and fair dealing.

40. Defendant Fit 4 U has violated the implied covenant of good faith and fair dealing by, among other things, accepting delivery goods manufactured and shipped by Plaintiff Lavender Tale and refusing to pay for those goods.

**WHEREFORE,** Plaintiff Lavender Tale demands that judgment be entered against Defendants, jointly and severally, as follows:

A. For judgment in an amount to be determined at trial, including an award of compensatory and consequential damages, and incidental damages as appropriate;

B. For attorney's fees and costs of suit;

C. For pre-judgment interest;

D. For such other relief as the Court may deem just and proper.

### THIRD CAUSE OF ACTION
(Unjust Enrichment)

41. Plaintiff Lavender Tale repeats and realleges each and every allegation set forth in the previous paragraphs of its Complaint as if set forth at length herein.

42. In the unlikely event the Court determines that no contract exists between Plaintiff Lavender Tale and Defendant Fit 4 U, Plaintiff Lavender Tale pleads a claim of unjust enrichment in the alternative.

43. At Defendant Fit 4 U's request, Plaintiff Lavender Tale manufactured and shipped merchandise to Defendant Fit 4 U and its end customers.

44. Defendant Fit 4 U derived substantial financial benefit from Plaintiff Lavender Tale manufacturing and delivering merchandise to Defendant Fit 4 U and its end customers.

45. Contrary to justice and equity, Defendant Fit 4 U refuses to pay for goods Plaintiff Lavender Tale manufactured and delivered at Defendant Fit 4 U's request. Contrary to

justice and equity, Defendant Fit 4 U refuses to pay for goods it has accepted without complaint and already sold.

46. Justice and equity demand that Plaintiff Lavender Tale enjoy the fruits of its labor.

**WHEREFORE,** Plaintiff Lavender Tale demands that judgment be entered against Defendants, jointly and severally, as follows:

A. For judgment in an amount to be determined at trial, including an award of compensatory, consequential damages, and incidental damages as appropriate;

B. For attorney's fees and costs of suit;

C. For pre-judgment interest;

D. For such other relief as the Court may deem just and proper.

### FOURTH CAUSE OF ACTION
**(Goods Sold and Delivered)**

47. Plaintiff Lavender Tale repeats and realleges each and every allegation set forth in the previous paragraphs of its Complaint as if set forth at length herein.

48. Plaintiff Lavender Tale agreed to manufacture and ship merchandise to Defendant Fit 4 U, and its end customers.

49. The goods sold and delivered to Defendant Fit 4 U, and its customers, were of a reasonable value of $201,456.88.

50. Defendant Fit 4 U agreed to pay $201,456.88 in total to Plaintiff Lavender Tale in exchange for manufacturing and shipping the goods specified in the attached invoices.

**WHEREFORE,** Plaintiff Lavender Tale demands that judgment be entered against Defendants, jointly and severally, as follows:

A. For judgment in an amount to be determined at trial, including an award of compensatory, consequential damages, and incidental damages as appropriate;

B. For attorney's fees and costs of suit;

C. For pre-judgment interest;

D. For such other relief as the Court may deem just and proper.

## FIFTH CAUSE OF ACTION
### (Account Stated)

51. Plaintiff Lavender Tale repeats and realleges each and every allegation set forth in the previous paragraphs of its Complaint as if set forth at length herein.

52. Plaintiff Lavender Tale has sent all of the invoices annexed to this Verified Complaint to Defendant Fit 4 U.

53. Defendant Fit 4 U has never claimed that the amount due on the invoices annexed to this Verified Complaint are incorrect.

54. Defendant Fit 4 U has never claimed that it did not accept delivery of the goods referenced in the invoices annexed to this Verified Complaint.

55. Therefore, Defendant Fit 4 U has implicitly consented to the calculations of amounts due on the invoices annexed to this Verified Complaint.

**WHEREFORE,** Plaintiff Lavender Tale demands that judgment be entered against Defendants, jointly and severally, as follows:

A. For judgment in an amount to be determined at trial, including an award of compensatory, consequential damages, and incidental damages as appropriate;

B. For attorney's fees and costs of suit;

C. For pre-judgment interest;

D. For such other relief as the Court may deem just and proper.

**CURCIO MIRZAIAN SIROT**
A Limited Liability Company
Attorneys for Plaintiff,
Lavender Tale International Limited

Dated:  February 9, 2016                    By:___/s/  Michael D. Zahler_____
                                                         Michael D. Zahler

**CURCIO MIRZAIAN SIROT**
A Limited Liability Company
Michael D. Zahler, Esq.
48 Wall Street, 11th Floor
New York, New York 10005-2903
Phone:  (646) 741-1943
Fax:  (646) 741-1944
Email: michael.zahler@curciolawgroup.com

New Jersey Office:
7 Becker Farm Road, Suite 106
Roseland, New Jersey 07068
Phone: (973) 226-4534
Fax:  (973) 226-4535

(Please Reply to our NJ Office)

## **VERIFICATION**

I, Vico Yam, Principal of Plaintiff Lavender Tale International Limited, have read the foregoing Verified Complaint and the allegations contained therein. The allegations contained therein are true to the best of my personal knowledge and belief, except as to those allegations which are made upon information and belief. As to the allegations made upon information and belief, I believe those to be true.



Vico Yam

Sworn to and subscribed
before me this  7th
day of December, 2015.

_____

Notary Public:

(Stamp)   LORRAINE M. VANYO
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 10/3/2017